IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAUDE LEE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-05-10-W |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner Claude Johnson seeks habeas relief in connection with state court charges, but the Court should summarily dismiss the petition as moot. *See* Rules 1(b), 4, Rules Governing Section 2254 Cases in the United States District Courts.

The Petitioner requested dismissal of state charges due to an alleged delay in pretrial hearings. Writ of Habeas Corpus, *passim* (Jan. 4, 2005). But Mr. Johnson has pled guilty to the charges during the pendency of the present action. *See* Docket Sheet at p. 3, *State of Oklahoma v. Johnson*, Case No. CF-2001-417 (Okla. Co. Dist. Ct. (guilty plea entered Jan. 25, 2005)).[1]

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise

---

[1] The federal district court can take judicial notice of the state court's docket sheet. *See Stack v. McCotter*, 79 Fed. Appx. 383, 391 (10th Cir. Oct. 24, 2003) (unpublished op.) (taking judicial notice of the state district court's docket sheet in a related state court case).

independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, Mr. Johnson's guilty plea constitutes a waiver of the claims asserted in the present action, rendering the present action moot. *See United States v. Gipson*, 835 F.2d 1323, 1324 (10th Cir. 1988). In these circumstances, the Court should summarily dismiss Mr. Johnson's petition for a writ of habeas corpus on grounds of mootness.

The Petitioner can object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). To do so, Mr. Johnson must file an objection with the Clerk of this Court by April 20, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral is terminated.

Entered this 29th day of March, 2005.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge