IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

CLAUDE LEE JOHNSON, )
)
      Petitioner, )
)
vs. ) No. CIV-05-10-W
)
STATE OF OKLAHOMA, )
)
      Respondent. )

FILED
APR 2 5 2005
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

## ORDER

On March 29, 2005, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Claude Lee Johnson be summarily dismissed. Johnson was advised of his right to object to the Report and Recommendation, but he has not done so within the allotted time.[1]

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's recommended disposition of this matter. In his Petition file-stamped January 4, 2005, Johnson, then a state court pretrial detainee, complained about the postponement of his preliminary hearing, the absence of his attorney and the length of his pretrial incarceration. Because the state court records indicated that Johnson pled guilty on January 25, 2005, Magistrate Judge Bacharach on February 18, 2005, directed Johnson to show cause why the instant action should not be dismissed as moot. Johnson did not

---

[1] Mail sent to Johnson has been returned by the United States Postal Service as undeliverable. In this district, all papers filed by a party, including pro se litigants, shall contain the mailing address of that party, and if that address changes, the party must notify the Court by completing and filing the form provided by the Clerk of the Court. Rule 5.5(a), Rules of the United States District Court for the Western District of Oklahoma. All "[p]apers sent by the Court will be deemed delivered if sent to the last known address given to the Court." Id.

respond to the Order to Show Cause.

As Magistrate Judge Bacharach noted, when a criminal defendant pleads guilty of the crime with which he is charged, that defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). In the absence of any applicable exception to this rule, Johnson's plea of guilty in state court prevents him from litigating the claims asserted in his Petition and renders the Petition moot.

According, the Court

(1) ADOPTS the Report and Recommendation issued on March 29, 2005; and

(2) DISMISSES as moot the Petition file-stamped on January 4, 2005.

ENTERED this 26th day of April, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE